**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| CATHY ANDERSON, *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>RELIANCE STANDARD LIFE INSURANCE COMPANY, *et al.*,<br><br>Defendants. | Civil Action No. 22-4654 (MAS) (DEA)<br><br>**MEMORANDUM OPINION** |

**SHIPP, District Judge**

This matter comes before the Court on Defendants Reliance Standard Life Insurance Company ("Reliance") and Matrix Absence Management, Inc. ("Matrix") (collectively, "Defendants") Motion to Dismiss Plaintiffs Cathy Anderson ("Cathy") and The Estate of John P. Anderson's (collectively, "Plaintiffs") Complaint. (ECF No. 6.) Plaintiffs opposed (ECF No. 16), and Defendants replied (ECF No. 18). The Court has carefully reviewed the parties' submissions and decides the matter without oral argument under Local Civil Rule 78.1. For the reasons below, the Court grants Defendants' Motion.

## I. BACKGROUND[1]

This is a case brought pursuant to the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), 29 U.S.C. §1001, *et. seq*., for breaches of fiduciary duty and estoppel for the forfeit of life insurance benefits. (*See generally* Compl., ECF No. 1.) Cathy is the surviving

[1] For the purpose of considering the instant Motion, the Court accepts all factual allegations in the Complaint as true. *See Phillips v. County of Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008).

spouse of John P. Anderson ("John"), who was an employee of K. Hovnanian Companies, L.L.C. ("Hovnanian") from 1994 through 2021. (*Id.* ¶ 11.) Hovnanian was a participating employer in the RSL Employer Trust (the "Plan") which was an ERISA-covered "employee welfare benefit plan" as that term is defined in 29 U.S.C. § 1002(1). (*Id.* ¶ 12.) The Plan offers various forms of employee benefits to Plan participants, including life insurance coverage issued by Reliance and administered by Matrix. (*Id.* ¶¶ 4, 12, 14, 20.) John was insured under both Basic Life and Supplemental Life insurance policies (the "Policies") issued by Reliance, and Cathy was the sole named beneficiary. (*Id.* ¶¶ 4, 12-15.)

In the fall of 2020, John was diagnosed with bladder cancer, and in September 2020, he filed a claim for short-term disability with Matrix. (*Id.* ¶¶ 17, 19.) As the administrator for insurance claims under the Plan, Matrix served Reliance and advised John in writing of the terms of his disability benefits. (*Id.* ¶¶ 20-21.) In April 2021, John filed another claim for short-term disability. (*Id.* ¶ 24.) Shortly thereafter, Hovnanian told John that he would be terminated, and John signed a termination agreement. (*Id.* ¶ 25.) The information sheet attached to the termination agreement advised John that his life insurance would terminate within thirty-one days but could be converted into coverage, and that information regarding this conversion could be obtained by contacting Hovnanian's benefits department. (Compl. Ex. B *10, ECF No. 1-2.)[2] In May 2021, Matrix advised John of the terms of his short-term disability payments in writing but did not tell him, at this time, that his group life insurance coverage had lapsed, that premiums had not been or were not being paid, or that his insurance coverage was impaired or reduced in any capacity.

---

[2] Page numbers preceded by an asterisk refer to the page numbers atop the ECF header. Courts may consider exhibits attached to the complaint when considering a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). *Mayer v. Belichick*, 605 F.3d 223, 230 (3d Cir. 2010) (citing *Pension Benefit Guar. Corp. v. White Consol. Indus., Inc.*, 998 F.2d 1192, 1196 (3d Cir. 1993)).

(Compl. ¶¶ 26, 28.) In September 2021, Matrix advised John by letter that his short-term disability benefits would terminate on October 14, 2021, and advised him that he could qualify for long-term disability benefits if he demonstrated that he was totally disabled from working; again, Matrix made no mention of any changes to his life insurance coverage at this time. (*Id.* ¶¶ 30, 32.) A few weeks later, Matrix advised John by two letters that he qualified for long-term disability benefits and was totally disabled, but that his long-term disability benefit would be reduced by his estimated social security disability benefits; once more, Matrix made no mention of any changes to his life insurance coverage. (*Id.* ¶¶ 33, 35.)

Enter Reliance. In November 2021, Reliance advised John by letter that as a result of his total disability, he was eligible for a waiver of premium benefit under the group life insurance plan; Reliance did not advise John at this time that his group life insurance coverage had lapsed. (*Id.* ¶¶ 36, 38.) In November 2021, Matrix advised John by letter of information Matrix needed to respond to his request that his long-term disability benefit not be offset by his social security benefits; Matrix still did not advise John that his life insurance coverage had ceased. (*Id.* ¶¶ 39, 40.)

Tragically, John passed away on December 23, 2021. (*Id.* ¶ 17.) When Cathy attempted to claim life insurance benefits payable under the Policies, Reliance denied the request because it claimed that premium payments for the Policies had stopped in April 2021, after John stopped working, and that as such, his coverage had ceased. (*Id.* ¶ 47.) Cathy appealed the denial to no avail. (*Id.* ¶¶ 49-53.)

Cathy subsequently filed the instant Complaint, which alleges breach of fiduciary duty under § 502(a)(2) and § 502(a)(3) of ERISA, 29 U.S.C. § 1102, § 1104, § 1021, § 1022, and § 1132, against Hovnanian and Defendants (Count I) and estoppel and discrimination under § 510

of ERISA, 29 U.S.C. § 1140, against Hovnanian and Matrix (Count II). The heart of Plaintiffs' Complaint is that at no time prior to John's death did Defendants or Hovnanian inform John that his life insurance coverage had lapsed or been impaired in any capacity. (*See* Pls.' Opp'n Br. 4, ECF No. 16.) Defendants filed this Motion to Dismiss under Federal Rule of Civil Procedure 12(b)(6), which is now ripe for resolution.[3]

## II. LEGAL STANDARD

When deciding a motion to dismiss under Rule 12(b)(6), the Court must "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *Phillips*, 515 F.3d at 231. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted). Importantly, on a Rule 12(b)(6) motion to dismiss, "[t]he defendant bears the burden of showing that no claim has been presented." *Hedges v. United States*, 404 F.3d 744, 750 (3d Cir. 2005) (citing *Kehr Packages, Inc. v. Fidelcor, Inc.*, 926 F.2d 1406, 1409 (3d Cir. 1991)).

A complaint must set forth "a short and plain statement of the claim," Fed. R. Civ. P. 8(a)(2), which gives the defendant "'fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). The complaint must contain "'sufficient factual matter to show that the claim is facially plausible,' thus enabling 'the court to draw the reasonable inference that the defendant is liable for [the] misconduct alleged.'" *Warren Gen. Hosp. v. Amgen Inc.*, 643 F.3d 77, 84 (3d Cir. 2011) (quoting *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009)). In the

[3] Hereinafter, all references to a "Rule" or "Rules" refer to the Federal Rules of Civil Procedure.

end, a court will grant a motion to dismiss brought under Rule 12(b)(6) if the factual allegations in the complaint are insufficient "to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555.

## III. DISCUSSION

### A. Count I: Breach of Fiduciary Duty under ERISA Section 502(a)(2), 29 U.S.C. § 1132(a)(2).

In Count I, Plaintiffs bring claims for individual relief (equitable relief, interest, and fees) against Defendants pursuant to § 502(a)(2) of ERISA, 29 U.S.C. § 1132(a)(2). (*See* Compl. ¶¶ 56-72.) Defendants contend that Plaintiffs have no valid claim under the terms of this section of the statute. (Defs.' Moving Br. 6, ECF No. 7.)

The Court agrees with Defendants. Section 502(a)(2) of ERISA permits a claim by a participant, beneficiary or fiduciary for appropriate relief for violations of 29 U.S.C. § 1109. The law makes clear that claims under § 1109 via § 1132(a)(2) inure to the benefit of the plan, not individual participants. *See Leckey v. Stefano*, 501 F.3d 212, 226 (3d Cir. 2007) (citing *Mass. Mut. Life Ins. Co. v. Russell*, 473 U.S. 134, 147 (1985)) (explaining that "the Supreme Court held in *Massachusetts Mutual* that § 1132(a)(2) actions must be brought on behalf of the plan itself—and must, therefore, seek to restore losses *to the plan*" (emphasis in original)); *see also Salvucci v. Glenmede Corp.*, No. 22-1891, 2022 WL 4692438, at *4 (E.D. Pa. Sept. 30, 2022) ("Because of the clear statutory language and the fact that [p]laintiff is truly seeking individual relief, [p]laintiff's claim in Count I brought under ERISA § 502(a)(2) is dismissed without prejudice."). Here, Plaintiffs do not assert any claims on behalf of the Plan, and thus, fail to state a claim under 29 U.S.C. § 1132(a)(2). (*See generally* Compl.) Indeed, Plaintiffs do not refute this point, instead contending that they are still entitled to individual relief under ERISA § 502(a)(3) and, thus,

appearing to concede the veracity of Defendants' argument. (*See* Pls.' Opp'n Br. 7-8.) The Court, accordingly, dismisses Plaintiffs' claims against Defendants brought under 29 U.S.C. § 1132(a)(2).

**B. Count I: Breach of Fiduciary Duty under ERISA § 502(a)(3), 29 U.S.C. §1132(a)(3).**

Plaintiffs also assert claims against Defendants under ERISA § 502(a)(3), 29 U.S.C. § 1132(a)(3), on the grounds that Matrix breached its fiduciary duties to Plaintiffs, including the duty to provide Plaintiffs with an adequate "Summary Plan Description" (the "Summary Plan Description") as required by 29 U.S.C. § 1022, and by either failing to provide sufficient information or misrepresenting material information related to Plaintiffs' benefits. (*See* Compl. ¶¶ 58-72.) Defendants contend that Matrix is not an ERISA fiduciary and Plaintiffs, thus, cannot bring a claim against Matrix under § 1132(a)(3) for breach of fiduciary duty. (Defs.' Moving Br. 4-6.) In doing so, however, Defendants concede that Reliance is a fiduciary. (*Id.* at 5, 7 ("Reliance . . . is a fiduciary of the [P]lan . . . .").)

The Court agrees with Defendants. Section 1132(a)(3) allows a plan participant or beneficiary to bring a lawsuit "(A) to enjoin any act or practice which violates any provision of [ERISA] or the terms of the plan, or (B) to obtain other appropriate equitable relief (i) to redress such violations or (ii) to enforce any provisions of [ERISA] or the terms of the plan[.]" 29 U.S.C. § 1132(a)(3). The Third Circuit has recognized that "this provision authorizes direct suits against *fiduciaries* for breach of their duty." *Renfro v. Unisys Corp.*, 671 F.3d 314, 325 (3d Cir. 2011) (emphasis added) (citing *Bixler v. Cent. Pa. Teamsters Health & Welfare Fund*, 12 F.3d 1292, 1293-94 (3d Cir. 1993)). ERISA "does not authorize suit against 'nonfiduciaries charged solely with participating in a fiduciary breach.'" *Id.* (quoting *Reich v. Compton*, 57 F.3d 270, 284 (3d Cir. 1995)).

The question, thus, becomes whether Matrix was acting as a fiduciary or not. ERISA defines a fiduciary as follows:

> [A] person is a fiduciary with respect to a plan to the extent (i) he exercises any discretionary authority or discretionary control respecting management of such plan or exercises any authority or control respecting management or disposition of its assets, (ii) he renders investment advice for a fee or other compensation, direct or indirect, with respect to any moneys or other property of such plan, or has any authority or responsibility to do so, or (iii) he has any discretionary authority or discretionary responsibility in the administration of such plan.

29 U.S.C. § 1002(21)(A). "[T]he linchpin of fiduciary status under ERISA is discretion." *Curcio v. John Hancock Mut. Life Ins. Co.*, 33 F.3d 226, 233 (3d Cir. 1994). Moreover, "[f]iduciary status does not simply attach to any administrative activity, but rather, only to the person (or entity) who has *final authority* to authorize or disallow a claim for benefits under the plan." *Miller v. Mellon Long Term Disability Plan*, 721 F. Supp. 2d 415, 426 (W.D. Pa. 2010) (emphasis in original) (citing *Varity Corp. v. Howe*, 516 U.S. 489, 512 (1996)). Furthermore, "[f]iduciary obligations do not attach to non-discretionary, 'purely ministerial functions' involved in administration or management of a plan." *Edmonson v. Lincoln Nat'l Life Ins. Co.*, 777 F. Supp. 2d 869, 885 (E.D. Pa. 2011) (quoting 29 C.F.R. § 2509.75-8, at D-2 (2008)). For example, "persons who perform purely ministerial tasks, such as claims processing and calculation, cannot be fiduciaries because they do not have discretionary roles." *Confer v. Custom Eng'g Co.*, 952 F.2d 34, 39 (3d Cir. 1991) (citing 29 C.F.R. § 2509.75-8). When a third-party administrator has "no discretion to deny or allow [the plaintiff's] claim," but instead has "an obligation to follow the written plan instrument and to follow the instructions of the [plan] administrator[,]" it should not be considered a fiduciary. *Id.*

Here, the Complaint alleges that Cathy appealed the denial of benefits to Reliance and even renewed this appeal in a letter to Reliance and Hovnanian, further alleging that Reliance ultimately

made the final appeals decision. (Compl. ¶¶ 47-53; *see also* Compl. Ex. H, ECF No. 1-8 (appeal denial letter by Reliance).) In addition, the Reliance Standard Group Life Policy specifically designates Reliance as the "claims review fiduciary," which "has the discretionary authority to interpret the [p]lan and the insurance policy and to determine eligibility for benefits." (Reliance Group Life Policy 11, Defs.' Mot. Ex. A, ECF No. 6-2.) Plaintiffs' allegation that Matrix is an administrator of Reliance for certain claim activities does not make Matrix a fiduciary in and of itself, and nowhere else does the Complaint allege a basis in fact for Plaintiffs' claim that Matrix is a fiduciary of the Plan. Thus, the Complaint fails to allege facts that, if true, would establish that Matrix was a fiduciary. Consequently, the Court concludes that Matrix is not a proper defendant to a claim grounded on a breach of fiduciary duties pursuant to § 1132(a)(3) and as such, the Court concludes that Count I fails to allege facts that plausibly state a claim against Matrix upon which relief may be granted pursuant to § 1132(a)(3). The Court, accordingly, grants the Motion to Dismiss on all claims asserted under § 1132(a)(3) against Matrix. *See Lash v. Reliance Standard Life Ins. Co.*, No. 16-235, 2016 WL 3362060, at *4 (E.D. Pa. June 17, 2016) (dismissing a claim brought pursuant to § 1132(a)(3) against Matrix under a similar set of circumstances). Because Plaintiffs only assert claims against Defendants under ERISA § 502(a)(2) and § 503(a)(3), and the Court has now found that Plaintiffs cannot assert a claim under either section against Matrix, the Court dismisses Count I against Matrix entirely.

The Court's analysis, though, is not complete. Because Reliance concedes that it is a fiduciary, the Court ordinarily moves next to determining whether Plaintiffs can state a breach of fiduciary claim against Reliance under ERISA § 502(a)(3). Defendants, unsurprisingly, answer that question in the negative, marshalling a variety of arguments that they did not owe, and thus,

did not breach, the duties at issue. (*See* Defs.' Moving Br. 7-10.) Neither party, however, fully addresses the legal requirement to successfully plead a claim under § 502(a)(3).

Section 502(a)(3) permits a plan participant or beneficiary to obtain individual relief, generally limited to equitable relief in circumstances where § 502 provides no other remedy. *See Varity Corp.*, 516 U.S. at 512. For example, in *Mertens v. Hewitt Associates*, the Supreme Court held that "equitable relief" under § 502(a)(3) is limited to the forms of relief typically available in equity, such as injunction, restitution, and the like. 508 U.S. 248, 256 (1993). Because plaintiffs in that case were seeking compensatory damages to make the plan whole for its loss, the Supreme Court held that they had no remedy under § 502(a)(3). *Id.* at 255.

Here, Plaintiffs' Complaint seeks a judgment "in favor of [Cathy] and against Defendants," "award[ing] her an amount equal to the Plan life insurance benefit." (*See* Compl. ¶ 72.) The Complaint further seeks "[t]hat the Court enter judgment in favor of [Cathy] and award her any equitable relief to which she is entitled under § 502(a)(3)" as well as prejudgment interest, attorney's fees, and "any and all other relief to which [Cathy] may be entitled." (*Id.*) As the Supreme Court has noted in *Great-West Life & Annuity Ins. Co. v. Knudson*:

> Almost invariably . . . suits seeking (whether by judgment, injunction, or declaration) to compel the defendant to pay a sum of money to the plaintiff are suits for 'money damages,' as that phrase has traditionally been applied, since they seek no more than compensation for loss resulting from the defendant's breach of legal duty.

534 U.S. 204, 210 (2002) (quoting *Bowen v. Massachusetts*, 487 U.S. 879, 918-19 (1988) (Scalia, J., dissenting)) (internal quotation marks omitted). The facts of this case are similar to Supreme Court and Third Circuit cases dismissing claims under § 502(a)(3) that plead for "appropriate equitable relief" because the parties truly sought nothing other than compensatory damages. *See Mertens*, 508 U.S. at 254; *Salvucci*, 2022 WL 4692438, at *5 (recapping the relevant case law and

finding the terminology "such other equitable relief" to be similar to "appropriate equitable relief" and thus, concluding such claims are impermissible under § 502(a)(3)). "Piercing through the labels" Plaintiffs use to describe their requested relief reveals that Plaintiffs "seek no more or less than reimbursement and compensatory damages for an alleged breach of fiduciary duty." *Salvucci*, 2022 WL 4692438, at *5. "As *Great-West* makes clear, this relief falls outside of the category of "equitable restitution" which might be recoverable under § 502(a)(3). Thus, it is unnecessary to evaluate whether Plaintiff[s] alleged a breach of fiduciary duty under § 502(a)(3)." *Id.* The Court, accordingly, further grants the Motion to Dismiss on all claims asserted under § 1132(a)(3) against Reliance. Because Plaintiffs only assert claims against Defendants under ERISA § 502(a)(2) and

§ 503(a)(3), and the Court has now found that Plaintiffs cannot assert a claim under either section against Reliance, the Court dismisses Count I against Reliance entirely as well.[4]

In sum, the Court dismisses Plaintiffs' claims asserted in Count I against Defendants.

**C. Count II: Estoppel and Discrimination under ERISA § 510, 29 U.S.C. § 1140.**

Finally, Plaintiffs assert a claim against Matrix (and Hovnanian) for estoppel and discrimination under ERISA § 510. This section of the statute states:

> It shall be unlawful for any person to discharge, fine, suspend, expel, discipline, or discriminate against a participant or beneficiary for exercising any right to which he is entitled under the provisions of

[4] Even assuming § 502(a)(2) or § 502(a)(3) would permit Plaintiffs' claims, the Court is not convinced that Plaintiffs sufficiently allege a breach of fiduciary duty. The Complaint mentions that Defendants "knew or should have known of [John's] condition and that a failure to provide sufficient notice would cause harm." (Compl. ¶ 61.) The Complaint, as well as Plaintiffs' Opposition Brief, relies on *Weaver Brothers Insurance Associates, Inc. v. Braunstein* for the following proposition: "[W]hen a plan administrator affirmatively misrepresents the terms of a plan or fails to provide information when it knows that its failure to do so might cause harm, the plan administrator has breached its fiduciary duty to individual plan participants and beneficiaries." No. 11-5407, 2013 WL 1195529, at *12 (E.D. Pa. Mar. 25, 2013); (Compl. ¶ 60 (citing *Weaver Bros.*); Pls.' Opp'n Br. 7.) The term "Administrator" is defined in the ERISA statute as "the person specifically so designated by the terms of the instrument under which the plan is operated [and] if *an administrator is not so designated, the plan sponsor*[.]" 29 U.S.C. § 1002(16)(A) (emphasis added). The statute goes on to detail that the term "plan sponsor" means the employer when the plan is established or maintained by a single employer. *Id.* § 1002(16)(B). Although Plaintiffs, in response to Defendants' arguments, call Matrix the "Plan Administrator" (Pls.' Opp'n Br. 1), the Complaint itself only identifies Matrix as an administrator for Reliance and specifically identifies *Hovnanian* as the Plan sponsor under § 1002(16)(B); consequently, Hovnanian is the Plan Administrator under the terms of the statute—not Defendants. (*See* Compl. ¶¶ 13, 20, 42.) And because it is the Plan Administrator who is responsible for the certain fiduciary duties identified by Plaintiffs in the Complaint, such as to provide information about the Plan and documents to Plaintiffs under *Weaver Bros.*, or to provide an adequate Summary Plan Description under 29 U.S.C. §§ 1021, 1022 (Pls.' Compl. ¶¶ 58-72), Plaintiffs' allegations are insufficient to support a breach of fiduciary duty claim against Defendants under either § 502(a)(2) or § 502(a)(3). *See Weaver Bros.*, 2014 WL 2599929, at *1 (explaining that plan administrators have the duty to provide the Summary Plan Description); 29 U.S.C. § 1022(a) (summary plan description); 29 U.S.C. § 1132(c) (explaining the pertinent duties of plan administrators); *see also Jordan v. Fed. Exp. Corp.*, 116 F.3d 1005, 1016 (3d Cir. 1997) (explaining that "participants have a duty to inform themselves of the details provided in their plans"). Indeed, Plaintiffs' only response to this point is to contend that Defendants gave "an excellent impression" of being the Plan Administrator, even if they were not actually the statutorily defined administrators, and that any contention to the contrary "lies in the realm of speculation." (Pls.' Opp'n Br. 8-9.)

> an employee benefit plan . . . or for the purpose of interfering with the attainment of any right to which such participant may become entitled under the plan[.]

29 U.S.C. § 1140. Defendants contend that Count II fails to state a claim against Matrix as a matter of law because § 510 applies only to employer-employee relationships, and Matrix was not John's employer. (Defs.' Moving Br. 11.)

Defendants are correct. The Third Circuit has consistently held that the scope of § 510 is "limited to actions affecting the employer-employee relationship." *Haberern v. Kaupp Vascular Surgeons Ltd. Defined Benefit Pension Plan*, 24 F.3d 1491, 1503 (3d Cir. 1994) (quoted by *Becker v. Mack Trucks*, 281 F.3d 372, 382 (3d Cir. 2000)). To state a claim under § 510, plaintiffs must allege that their employer took unlawful employment action against them for the specific purpose of interfering with their attainment of a pension benefit right. *Dewitt v. Penn-Del Directory Corp.*, 106 F.3d 514, 522-23 (3d Cir. 1997) ("Consequently, to recover under section 510, the employee must show that the employer made a conscious decision to interfere with the employee's attainment of pension eligibility or additional benefits."); *see Fischer v. Phil. Elec. Co.*, 96 F.3d 1533, 1543 (3d Cir. 1996). Plaintiffs "[do] not meet the requirements of § 510 and indeed spend[] most of the [C]omplaint arguing that [Matrix] did not take any action at all, which is the opposite of what § 510 condemns." *Salvucci*, 2022 WL 4692438, at *5 (dismissing claims under § 510). Because Matrix is not the employer, Plaintiffs cannot recover from Matrix. Accordingly, the Court dismisses Plaintiffs' Count II claims against Matrix under ERISA § 510.

## IV. CONCLUSION

For the foregoing reasons, the Court grants Defendants' Motion. An appropriate order will follow.

**/s/ Michael A. Shipp**
**Michael A. Shipp**
**United States District Judge**