NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| CATHY ANDERSON, *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>RELIANCE STANDARD LIFE INSURANCE COMPANY, *et al.*,<br><br>Defendants. | Civil Action No. 22-4654 (RK) (DEA)<br><br>**MEMORANDUM OPINION** |

**KIRSCH, District Judge**

    **THIS MATTER** comes before the Court on Defendant K. Hovnanian Companies, LLC's ("Hovnanian" or "Defendant") Motion to Dismiss Count One of Plaintiffs Cathy Anderson and the Estate of John P. Anderson's (collectively, "Plaintiffs") Complaint and to amend its Answer to assert a crossclaim against Reliance Standard Life Insurance Company ("Reliance"). (ECF No. 23.) The Court has considered the parties' submissions and resolves the matter without oral argument pursuant to Federal Rule of Civil Procedure 78 and Local Civil Rule 78.1. For the reasons set forth below, Defendant's Motion to Dismiss Count One of Plaintiffs' Complaint is **GRANTED**; however, Defendant's request to amend its Answer to assert a crossclaim is **DENIED**.

I. **BACKGROUND**[1]

The underlying facts of this dispute have been thoroughly discussed and set forth in the December 7, 2022 decision of the Honorable Michael A. Shipp, U.S.D.J., ("Mem. Op.," ECF No. 20; "Order," ECF No. 21), granting Defendants Reliance and Matrix Absence Management, Inc.'s ("Matrix") Motion to Dismiss. To the extent relevant to the pending motion, the Court adopts and incorporates the factual recitation of the case in that Memorandum Opinion.

A. **FACTUAL BACKGROUND**

Plaintiff Cathy Anderson ("Cathy") is the widow of John P. Anderson ("John"), who worked for Defendant from 1994 to 2021. ("Compl.," ECF No. 1 ¶¶ 3, 11.) Defendant participated in the RSL Employer Trust (the "Plan"), an "employee welfare benefit plan" as defined under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1001, et seq. (*Id.* ¶ 12.) Through the Plan, John enrolled in "both Basic Life and Supplement Life insurance policies." (*Id.* ¶ 15.) Cathy was the sole named beneficiary of these polices. (*Id.*) These group life insurance policies were issued by Reliance and administered by Matrix. (*Id.* ¶ 1.) At its heart, this case concerns Plaintiffs' allegations that neither Reliance, Matrix, nor Hovnanian ever advised John of the lapse of, or any issues regarding, his group life insurance policies. (*Id.* ¶¶ 42–44.)

In the fall of 2020, John was diagnosed with bladder cancer, which regrettably led to his death on December 23, 2021. (*Id.* ¶ 17.) Due to his prognosis, John applied for short-disability benefits, first in September of 2020, and then again in April 2021. (*Id.* ¶¶ 19, 24.) On September 30, 2020, Matrix outlined "the terms of his short-term disability payments in writing" but failed "to advise John . . . that his group life insurance coverage had lapsed, or that premiums had not

---

[1] The factual and procedural histories of this matter are well known to the parties and to the Court. The Court therefore recounts only the details necessary to resolve the motion discussed herein.

been or were not being paid, or that his life insurance coverage was impaired or reduced in any way." (*Id.* ¶¶ 21, 23.) Following John's April 2021 request, Matrix provided John with the terms of his benefits, but again did not advise him of any lapse in his coverage. (*Id.* ¶¶ 26, 28.)

On April 29, 2021, Hovnanian terminated John, and the parties signed a termination agreement. (*Id.* ¶ 25.) Hovnanian attached to the termination agreement a "Benefits Information Sheet," which, *inter alia*, advised John that his group life insurance policies would terminate within thirty-one days but could be converted to an individual policy by contacting Hovnanian's benefits department. (ECF No. 1-2, Ex. B at *10.)[2] Plaintiffs allege that Hovnanian failed to provide John with "any forms or literature regarding his right to convert his group life insurance policy to an individual policy." (Compl. ¶ 29.) In the Fall of 2021, Matrix wrote to John, explaining that his short-term disability would expire in October, but, if he demonstrated a total disability, he may qualify for long-term benefits, which eventually he did. (*Id.* ¶¶ 30, 34.) However, this correspondence again failed to advise John regarding any lapse in his group life insurance coverage. (*Id.* ¶¶ 30, 35.)

On November 8, 2021, Reliance sent John a letter, which informed him "that as a result of his total disability, he was eligible for a waiver of premium under the group life insurance plan." (*Id.* ¶ 36.) However, Reliance failed to explain that "his group life insurance coverage had lapsed, or that premiums had not been or were not being paid, or that his insurance coverage was impaired or reduced in any way." (*Id.* ¶ 38.)

---

[2] In ruling on the subject motion, the Court may consider exhibits attached to the Complaint. *See Pension Ben. Guar. Corp. v. White Consol. Indus., Inc.,* 998 F.2d 1192, 1196 (3d Cir. 1993) (a court may review "exhibits attached to the complaint and matters of public record," as well as "undisputedly authentic document[s] that a defendant attaches as an exhibit to a motion to dismiss if the plaintiff's claims are based on the document"). In addition, the Court refers to page numbers in the exhibits by ECF header and denotes such references with an asterisk.

Following John's death, Cathy "submitted a claim for the life insurance policies." (*Id.* ¶ 46.) However, Reliance rejected the claim on February 2, 2022 on the basis that coverage for both the Basic and Supplemental Life Insurance policies were terminated because no premium payments occurred after April 16, 2021. (*Id.* ¶ 47.) Cathy appealed, arguing that neither she nor John had been advised of the lapse in premium payments or the risk of cancellation of the policies. (*Id.* ¶ 49.) However, her appeal was denied. (*Id.* ¶ 53.)

### B.    PROCEDURAL HISTORY

On July 20, 2022, Plaintiffs filed suit against Defendants Reliance, Matrix, and Hovnanian. (*See* ECF No. 1.) The Complaint alleged two counts: breach of fiduciary duty under Section 502(a)(2) and 502(a)(3) of ERISA against all defendants (Count One); and estoppel and discrimination under Section 510 of ERISA against Matrix and Hovnanian (Count Two). Matrix and Reliance moved to dismiss the claims against them. (*See* ECF Nos. 6 and 7.) In his December 7, 2022 Opinion and Order, Judge Shipp granted Matrix and Reliance's Motion. First, the Court held that Plaintiffs failed to state a claim under Section 502(a)(2). The Court explained that:

> Section 502(a)(2) of ERISA permits a claim by a participant, beneficiary or fiduciary for appropriate relief for violations of 29 U.S.C. § 1109. The law makes clear that claims under § 1109 via § 1132(a)(2) inure to the benefit of the plan, not individual participants. . . . Here, Plaintiffs do not assert any claims on behalf of the Plan, and thus, fail to state a claim under 29 U.S.C. § 1132(a)(2).

(Mem. Op. at 5.)

Second, the Court dismissed Plaintiffs' breach of fiduciary duty claims under Section 502(a)(3). The Court held that this section "permits a plan participant or beneficiary to obtain individual relief, generally limited to equitable relief in circumstances where § 502 provides no other remedy." (*Id.* at 9.) This section, the Court held, does not permit action seeking

4

"reimbursement and compensatory damages for an alleged breach of fiduciary duty." (*Id.* (quoting *Salvucci v. Glenmede Corp.*, No. 22-1891, 2022 WL 4692438, at *4 (E.D. Pa. Sept. 30, 2022)); see *id.* (noting that "[t]he facts of this case are similar to Supreme Court and Third Circuit cases dismissing claims under § 502(a)(3) that plead for 'appropriate equitable relief' because the parties truly sought nothing other than compensatory damages." (citations omitted)). Because the relief Plaintiffs seek "falls outside of the category of 'equitable restitution' which might be recoverable under § 502(a)(3)," the Court dismissed the claims against Matrix and Reliance. (*Id.* at 9–10.)[3]

Following Judge Shipp's Memorandum Opinion, Hovnanian filed the pending motion on February 7, 2023. ("MTD," ECF No. 23.)[4] Hovnanian moves to dismiss Count One of Plaintiffs' Complaint and seeks to amend its previously filed Answer to add a negligence crossclaim against Reliance. (*See generally id.*) Plaintiffs filed a brief in opposition, ("Pl. Op.," ECF No. 25), to which Hovnanian filed a reply brief, ("Reply," ECF No. 26.) Reliance also submitted an opposition brief to Hovnanian's motion. ("Reliance Opp.," ECF No. 24.)

## II. LEGAL STANDARD

### A. FEDERAL RULE OF CIVIL PROCEDURE 12(C)

Under Federal Rule of Civil Procedure 12(c), "[a]fter the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c).

---

[3] Judge Shipp also dismissed the 502(a)(3) claims against Matrix because Matrix was a not a fiduciary, and Section 502(a)(3) claims may only be brought against same. (*Id.* at 8.) The Court also dismissed Count Two against Matrix. (*Id.* at 12.)

[4] The Court notes that Hovnanian previously filed an Answer to Plaintiffs' Complaint on August 30, 2022. (ECF No. 12.) As such, the Court will construe the subject motion as a Motion for Judgment on the Pleadings, rather than a Motion to Dismiss. *See Turbe v. Gov't of Virgin Islands*, 938 F.2d 427, 428 (3d Cir. 1991) (noting that motion filed after the filing of an answer "must be considered a Rule 12(c) motion"); *Sprint Sols., Inc. v. J&S Invs. of Delaware, Inc.*, No. 16-1420, 2017 WL 433999, at *6 (D.N.J. Jan. 31, 2017) (stating that while "a motion to dismiss filed under Rule 12(b)(6) is procedurally faulty if such a motion is filed after an answer, Rules 12(c) and 12(h) permit the filing of the functional equivalent of a motion to dismiss after an answer is filed").

"The pleadings are 'closed' after the complaint and answer are filed, along with any reply to additional claims asserted in the answer." *Horizon Healthcare Servs., Inc. v. Allied Nat. Inc.*, 2007 WL 1101435, at *3 (D.N.J. Apr. 10, 2007). In reviewing a motion for judgment on the pleadings, courts apply the same standards as when reviewing a motion to dismiss under Federal Rule of Civil Procedure (12)(b)(6). *Turbe v. Gov't of V.I.*, 938 F.2d 427, 428 (3d Cir. 1991) (citations omitted); *see also Muhammad v. Sarkos*, 2014 WL 4418059, at *1 (D.N.J. Sept. 8, 2014).

Pursuant to Federal Rule of Civil Procedure 12(b)(6), the court may dismiss a complaint for "failure to state a claim upon which relief can be granted." For a complaint to survive dismissal under this rule, it "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). In evaluating the sufficiency of a complaint, "[a]ll allegations in the complaint must be accepted as true, and the plaintiff must be given the benefit of every favorable inference to be drawn therefrom." *Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011) (citations omitted). However, the Court "need not credit bald assertions or legal conclusions" or allegations "involv[ing] fantastic factual scenarios lacking any arguable factual or legal basis" or that "surpass all credulity." *Degrazia v. F.B.I.*, No. 08-1009, 2008 WL 2456489, at *3 (D.N.J. June 13, 2008), *aff'd*, 316 F. App'x 172 (3d Cir. 2009) (citations and quotation marks omitted).

A court must only consider "the complaint, exhibits attached to the complaint, matters of the public record, as well as undisputedly authentic documents if the complainant's claims are based upon these documents." *Mayer v. Belichick*, 605 F.3d 223, 230 (3d Cir. 2010). "Factual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. Furthermore, "[a] pleading that offers labels and conclusions or a formulistic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders naked

6

assertion[s] devoid of further factual enhancement." *Iqbal*, 556 U.S. at 678 (citations and quotation marks omitted). In evaluating the sufficiency of a complaint, district courts must separate the factual and legal elements. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210–11 (3d Cir. 2009). "Restatements of the elements of a claim are legal conclusions, and therefore, are not entitled to a presumption of truth." *Valentine v. Unifund CCR, Inc.*, No. 20-5024, 2021 WL 912854, at *1 (D.N.J. Mar. 10, 2021) (citing *Burtch v. Milberg Factors, Inc.*, 662 F.3d 212, 224 (3d Cir. 2011)).

### B. FEDERAL RULE OF CIVIL PROCEDURE 15

Federal Rule of Civil Procedure 15 governs the amendment of a pleading. Under the Rule, "[a] party may amend its pleading once as a matter of course no later than . . . 21 days after serving it," or, after expiration of that deadline, "with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15. The Third Circuit has advised that Courts should demonstrate a "strong liberality . . . in allowing amendments under Rule 15(a)." *Bechtel v. Robinson*, 886 F.2d 644, 652 (3d Cir. 1989) (quoting *Heyl & Patterson Int'l, Inc. v. F.D. Rich Housing,* 663 F.2d 419, 425 (3d Cir.1981)); *WHY ASAP, LLC v. Compact Power*, 461 F. Supp. 2d 308, 311 (D.N.J. 2006). However, the right to amend is not unbridled. *See Lutz v. Philips Elecs. N. Am. Corp.*, 347 F. App'x 773, 777 (3d Cir. 2009). "Among the grounds that could justify a denial of leave to amend are undue delay, bad faith, dilatory motive, prejudice, and futility." *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1434 (3d Cir. 1997); *see Lutz*, 347 F. App'x at 777 (noting futility as a reason "leave should not be permitted").

An amendment is futile where the proposed revision would "fail to state a claim upon which relief could be granted." *In re Burlington*, 114 F.3d at 1434 (*citing Glassman v. Computervision Corp.*, 90 F.3d 617, 623 (1st Cir. 1996)). As such, "[i]n assessing 'futility,' the district court applies the same standard of legal sufficiency as applies under Rule 12(b)(6)." *Id.*;

*see also S.S. v. Brick Twp. Bd. of Educ.,* No. 14-6607, 2016 WL 11825787, at *6 (D.N.J. Jan. 29, 2016) ("[A] court will find an amendment futile if it would fail due to an applicable statute of limitations, if the court lacks jurisdiction over the claims raised in the amendment, or if the amended pleading fails to state a claim upon which relief can be granted, among other defenses." (collecting cases)).

### III. DISCUSSION

Defendant moves to dismiss Count One of Plaintiff's Complaint. (MTD at 1.) In support, Defendant first argues that claims under Section 502(a)(2) "are limited to actions brought on behalf of the plan, not the individual participants." (*Id.*) Defendant cites to the Court's prior Memorandum Opinion in support. (*Id.*) Similarly, Defendant points to the Court's same Opinion which held that Section 502(a)(3) permits claims only for equitable relief, rather than monetary damages. (*Id.*) In opposition, Plaintiffs cite the same cases to support its argument that Sections 502(a)(2) and 502(a)(3) allow for individuals to recover monetary relief as they did in response to Reliance and Matrix's Motion to Dismiss. (*Compare* Pl. Op. at 2 *with* ECF No. 16 at 7–8.)

Next, Defendant seeks to amend its Answer, (ECF No. 12), to include a crossclaim for negligence against Reliance. (MTD at 2.) Defendant avers that Reliance's misrepresented to John that he "may be eligible for the Waiver of Premium . . . benefit under the group life insurance plan." (*Id.* at 3.) Because Reliance "brought the issue of the life insurance to Plaintiffs [sic] attention and le[d] them to believe they may be entitled to same . . . Plaintiffs fil[ed] . . . suit." (*Id.*) Reliance counters, claiming that any negligence suit against it is preempted by ERISA and is thus futile. (Reliance Op. at 1–2.)

8

### A.     COUNT ONE: BREACH OF FIDUCIARY DUTY UNDER 502(A)(2) AND 503(A)(3)

As discussed above, the Court's Memorandum Opinion dismissed Plaintiff's breach of fiduciary duty claims under Section 502(a)(2) and 502(a)(3) against Reliance and Matrix. (*See* Mem. Op. at 5–11.) The Court held that "Section 502(a)(2) of ERISA permits a claim by a participant, beneficiary or fiduciary for appropriate relief for violations of 29 U.S.C. § 1109. The law makes clear that claims under § 1109 via § 1132(a)(2) inure to the benefit of the plan, not individual participants." (*Id.* at 5.) As such, because "Plaintiffs do not assert any claims on behalf of the Plans," they "fail[ed] to state a claim," and the Court dismissed the Complaint pertaining to claims under 502(a)(2). (*Id.* at 5–6.) In addition, the Court dismissed the Section 502(a)(3) claim because this section "permits a plan participant or beneficiary to obtain individual relief, generally limited to equitable relief in circumstances where § 502 provides no other remedy." (*Id.* at 9.) Since Plaintiffs were not seeking equitable relief, the Court dismissed the 502(a)(3) claim against Matrix and Reliance. (*Id.* at 9–10.)

Under the law of the case doctrine, "when a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages in the same case." *In re Cont'l Airlines, Inc.*, 279 F.3d 226, 233 (3d Cir. 2002) (quoting *Christianson v. Colt Indus. Operating Corp.*, 486 U.S. 800, 816 (1988)); *see Scudder v. Colgate Palmolive Co.*, No. 16-7433, 2018 WL 4188456, at *2 (D.N.J. Aug. 31, 2018) ("The law of the case doctrine 'limits relitigation of an issue once it has been decided' in the same case or litigation." (quoting *Hoffman v. City of Bethlehem*, 739 F. App'x 144, 150 (3d Cir. June 20, 2018)). The doctrine is grounded in concerns for "finality and efficiency of then judicial process by protecting against the agitation of settled issues." *In re Cont'l*, 279 F.3d at 233 (quoting *Christianson*, 486 U.S. at 816). "A court can, however, reconsider a previously decided issue if extraordinary circumstances exist, "such as if

new evidence becomes available, a supervening law has been introduced, or the prior decision was 'clearly erroneous and would create manifest injustice.'" *Zisa v. Haviland*, No. 17-5551, 2022 WL 1997268, at *3 (D.N.J. June 3, 2022) (quoting *Walker v. Coffey*, 956 F.3d 163, 170 (3d Cir. 2020)).

In the case at bar, Plaintiffs make the same arguments with respect to Sections 502(a)(2) and 502(a)(3), including citations to the same cases, that the Court rejected in its previous Memorandum Opinion. Plaintiffs cite no new law or other extraordinary circumstances that would mandate the Court relitigate the same issue. As such, the law of the case doctrine applies with respect to the Court's prior decision finding that Plaintiffs' claims fail under Sections 502(a)(2) and 502(a)(3). *See Blackbook Cap., Inc. v. Fin. Indus. Regul. Auth., Inc.*, No. 19-CV-21772, 2021 WL 1827268, at *3 (D.N.J. May 5, 2021) (applying the law of the case doctrine where plaintiff recycled the "same arguments that the Court [previously] addressed" and failed to mention "any new changes in the law"); *Schwartz v. Avis Rent a Car Sys., LLC*, No. 11-4052, 2016 WL 3457160, at *9 (D.N.J. June 21, 2016) (holding the doctrine applied where plaintiff "has not shown any changed circumstances" since the Court's prior decision). Therefore, the Court will dismiss Count One against Hovnanian.

### B. Amendment

The Court next turns to Hovnanian's request to amend its answer to assert a crossclaim against Reliance. Hovnanian seeks to add a claim of negligence against Reliance. In opposition, Reliance argues that this claim is preempted by ERISA.

As discussed above, while courts typically grant leave to amend a pleading liberally, amendment in this case would be futile. *In re Burlington*, 114 F.3d at 1434. "ERISA's express preemption provision provides that ERISA's regulatory structure 'shall supersede any and all State laws insofar as they may now or hereafter relate to any employee benefit plan [subject to

ERISA].'" *Menkes v. Prudential Ins. Co. of Am.*, 762 F.3d 285, 293 (3d Cir. 2014) (quoting 29 U.S.C. § 1144(a)). As the Supreme Court has explained, Congress intended Section 514(a) to "be expansively applied." *Ingersoll-Rand Co. v. McClendon*, 498 U.S. 133, 138 (1990). This is exemplified by Congress defining "state law" as "all laws, decisions, rules, regulations, or other State action having the effect of law." *Id.* (quoting § 514(c)(1)). A state law "relates to" ERISA if there is "a connection with or reference to such a plan. . . . In part, the test means that a state law is pre-empted if the cause of action is premised on the existence of a plan." *Clancy v. Reliance Standard Life Ins. Co.*, No. 07-127, 2009 WL 2595598, at *3 (D.N.J. Aug. 20, 2009) (quoting *Ingersoll–Rand*, 498 U.S. at 139); *see also Menkes*, 762 F.3d at 294 (explaining that "relate to" has "always been given a broad, common sense meaning," applying "if it has a connection with or reference to such a plan" (citing *Shaw v. Delta Air Lines, Inc.*, 463 U.S. 85, 96–97 (1983))).

Here, Hovnanian's alleged negligence claim[5] is preempted by ERISA as its claim depends on "the existence of the plan." *Menkes*, 762 F.3d at 294. Hovnanian's claim is premised on alleged "misrepresentations [that] were made to [John] regarding the life insurance plan." (MTD at 2.) Reliance "was responsible for administering" the life insurance policy at issue in this case, and Reliance sent a letter to Plaintiff stating he may be eligible for additional benefits under the life insurance policies, notwithstanding the fact that John "was no longer covered under Hovnanian's life insurance policy as he was terminated on April 16, 2021 and the thirty-one days he had to convert the policy after his termination expired without conversion." (*Id.* at 3.) Reliance's letter to

---

[5] That Hovnanian attempts to assert a crossclaim against Reliance does not change the Court's holding. Analysis of the potential claim will still require inquiry into the ERISA policy. *See Geisinger S. Wilkes-Barre Med. Ctr. v. Duda*, No. 07-888, 2008 WL 919531, at *4 (M.D. Pa. Mar. 31, 2008) (dismissing crossclaim where the common law claims were preempted by ERISA).

John "brought the issue of the life insurance to Plaintiffs['] attention . . . which resulted" in this litigation." (*Id.*)

Where, as here, "[r]esolving these allegations would require a court to assess the defendants' 'representations in light of the plaintiffs' benefits and rights under the plans,'" the Third Circuit has held "'[t]his type of analysis—concerning the accuracy of statements . . . to plan participants in the course of administering the plans—sits within the heartland of ERISA,' and ERISA expressly preempts these claims." *Menkes*, 762 F.3d at 295 (quoting *Nat'l Sec. Sys., Inc. v. Iola*, 700 F.3d 65, 84 (3d Cir. 2012)); *Bernatowicz v. Colgate–Palmolive Company,* 785 F. Supp. 488, 493 (D.N.J. 1992), *aff'd,* 981 F.2d 1246 (3d Cir. 1992) (negligent misrepresentation claim subject to ERISA preemption where "causes of action for negligent misrepresentation in this case are premised on the existence of a pension plan"); *Kotok v. A360 Media, LLC*, No. 22-4159, 2023 WL 1860595, at *4 (D.N.J. Feb. 9, 2023) (ERISA preemption applied to state law claims seeking denial and payment of benefits); *Est. of Jennings v. Delta Air Lines, Inc.*, 126 F. Supp. 3d 461, 469–70 (D.N.J. 2015) (holding ERISA preemption applied to breach of contract and negligence claims); *Clancy*, 2009 WL 2595598, at *5 (holding that ERISA preemption applied where "Plaintiff's claims . . . require[d] reference to the . . . Policy" and any misrepresentations required the Court to "look[] at what is actually in the" relevant policy); *Finocchiaro v. Squire Corrugated Container Corp.,* No. 05–5154, 2007 WL 608462, at *4 (D.N.J. Feb. 23, 2007) (negligent misrepresentation claim preempted by ERISA).

At base, Hovnanian's claim is that Reliance misrepresented the life insurance policy to Plaintiffs. Determining whether John was in fact eligible for certain benefits under the life insurance policy would require an analysis of the language and terms of the policy. As such, the Court finds Hovnanian's negligence claim relates to an ERISA plan and is thus preempted.

12

Therefore, the Court finds that amendment would be futile and denies Hovnanian's request to amend its answer. *See Gunning v. Prudential Ins. Co.*, No. 13-3965, 2013 WL 5647128, at *4 (E.D. Pa. Oct. 7, 2013) (denying motion to amend as futile where claims were preempted by ERISA).

### IV. CONCLUSION

For the foregoing reasons, Defendant's Motion is **DENIED** in part and **GRANTED** in part. Plaintiffs' Count One claims are **DISMISSED** against Hovnanian without prejudice. Defendant's Motion to Amend its Answer is **DENIED**. An appropriate Order will accompany this Opinion.

_____
**ROBERT KIRSCH**
**UNITED STATES DISTRICT JUDGE**

<u>Dated</u>: November 30, 2023